# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EARL BEARD and ALEXIS LOPEZ, *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>ECOLAB, INC.,<br><br>Defendant. | No.<br><br>**PLAINTIFFS' COLLECTIVE ACTION COMPLAINT** |

Plaintiffs Earl Beard and Alexis Lopez, individually and on behalf of others similarly situated (collectively "Plaintiffs"), by their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. Defendant Ecolab, Inc. ("Ecolab") is a Fortune 500 company that had revenues of over $13 billion in 2011. Ecolab has more than 25,000 employees who serve customers in more than 170 countries in a wide range of industries, including equipment care.

PLAINTIFFS' COLLECTIVE
ACTION COMPLAINT - 1

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

2. Ecolab employs Territory Representatives and Senior Territory Representatives (collectively "Territory Representatives") to perform service work on customers' commercial machinery at the customers' commercial location.

3. Plaintiffs are current and former employees of Ecolab that worked as Territory Representatives and their primary duty was performing service work on customers' commercial machinery at the customers' commercial locations.

4. Plaintiffs regularly worked in excess of 40 hours in a week for which Ecolab did not pay them overtime at a rate of one and one-half their regular rate of pay.

5. Throughout the relevant period, it has been Ecolab's nationwide policy to deprive its Territory Representatives of earned overtime wages. In order to avoid paying Territory Representatives overtime premiums for hours they worked in excess of 40 in a workweek, Ecolab uniformly misclassified them as exempt from federal overtime protections. The primary duties of these employees do not fall under any exemption.

6. In or around August of 2014, as part of a settlement with the U.S. Department of Labor, Ecolab agreed to reclassify Territory Representatives as non-exempt employees.

7. This case seeks to compel Ecolab to pay Plaintiffs all of the wages they earned.

8. By the conduct described in this Complaint, Ecolab has violated the Fair Labor Standards Act ("FLSA"), the Washington Minimum Wage Act, and the New York Labor Law. These violations arose out of Ecolab's company-wide policies and its pattern or practice of violating wage and hour laws.

9. Plaintiff Beard brings this action to remedy these violations pursuant to 29 U.S.C. §§ 201 *et seq.* and the Washington Minimum Wage Act, RCW 49.46, RCW 49.48, and state regulations issued thereunder.

10. Plaintiff Lopez also brings this action to remedy these violations pursuant to 29 U.S.C. §§ 201 *et seq.* and under New York's wage-and-hour laws, including New York Labor Law Articles 6 and 19 and their implementing regulations ("New York Labor Law").

PLAINTIFFS' COLLECTIVE
ACTION COMPLAINT - 2

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

## THE PARTIES

*Plaintiffs*

11. Plaintiff Beard's written consent to be a party to this action is attached hereto.

12. Plaintiff Beard is a resident of the state of Washington.

13. Plaintiff Beard has been employed by Ecolab in Washington as a Territory Representative and Senior Territory Representative from approximately June 2008 to the present.

14. Pursuant to Ecolab's policy and pattern or practice, Plaintiff Beard regularly worked more than 40 hours per week for Ecolab's benefit without overtime compensation.

15. Plaintiff Lopez's written consent to be a party to this action is attached hereto.

16. Plaintiff Lopez was a resident of the state of New York during the relevant period.

17. Plaintiff Lopez was employed by Ecolab in New York as a Territory Representative and Senior Territory Representative from approximately August 2006 until January 2012.

18. Pursuant to Ecolab's policy and pattern or practice, Plaintiff Lopez regularly worked more than 40 hours per week for Ecolab's benefit without overtime compensation.

*Defendant*

19. Defendant Ecolab, Inc. is a Delaware corporation that develops and markets technologies and services to the food, energy, healthcare, and hospitality industries. The services Ecolab provides include providing cleaning and sanitizing services to quick service restaurants and food retailers. Its customers, located in over 160 countries throughout the world, include hotels, restaurants, health and educational facilities, convenience and grocery stores, commercial and institutional laundries, and car washes.

20. Ecolab's corporate headquarters are located at 370 Wabasha Street, St. Paul, Minnesota 55102.

21. Ecolab maintains and maintained control, oversight, and direction over Territory Representatives' work, including the work of Plaintiffs.

PLAINTIFFS' COLLECTIVE
ACTION COMPLAINT - 3

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

## JURISDICTION AND VENUE

22. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C § 1337 (commerce), and 29 U.S.C. § 216 (FLSA), and supplemental jurisdiction pursuant to 28 U.S.C § 1367 over Plaintiffs' related state law claims.

23. Upon information and belief, Ecolab is subject to personal jurisdiction in this district.

24. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

25. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b) because Ecolab is subject to personal jurisdiction in the Western District of Washington, Named Plaintiff Beard resides in the Western District of Washington, and a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Washington.

## FACTUAL ALLEGATIONS

26. At all relevant times Ecolab had employees handling or otherwise working on goods or materials that have been moved in interstate commerce.

27. At all relevant times Ecolab had annual gross volume of sales or business done in excess of $500,000.

28. Ecolab employs Territory Representatives whose primary job duty is to perform the manual labor of maintenance, installation, and repair services on commercial equipment on Ecolab's business customers' premises. All work duties including this primary duty were governed by strict guidelines and standards.

29. Plaintiff Beard is employed by Ecolab in Washington as a Territory Representative.

30. Plaintiff Lopez was employed by Ecolab in New York as a Territory Representative.

31. On September 11, 2012, Route Managers, who worked for different divisions of Defendant Ecolab, brought an action in the Eastern District of New York claiming, individually

PLAINTIFFS' COLLECTIVE
ACTION COMPLAINT - 4

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

and collectively, overtime wages due under the FLSA and the state wage and hour laws of New York and New Jersey. *Charlot et al. v. Ecolab, Inc.* 2:12-cv-04543-KAM-VMS (E.D.N.Y).

32. On March 2, 2016, *Charlot* was amended to include individual and class claims under the state wage and hour laws of Washington. *Charlot et al. v. Ecolab, Inc.* 2:12-cv-04543-KAM-VMS (E.D.N.Y). Dkt. No. 265.

33. On September 9, 2013, Plaintiff Beard filed his consent to sue (the "original consent to sue") opting into *Charlot et al v. Ecolab, Inc.*, 2:12-cv-04543-KAM-VMS (E.D.N.Y). Dkt. No. 61-1.

34. On July 23, 2013, Plaintiff Lopez filed his original consent to sue opting into *Charlot et al. v. Ecolab, Inc.* 2:12-cv-04543-KAM-VMS (E.D.N.Y). Dkt. No. 56-1.

35. On March 29, 2017, the FLSA and state law claims (including claims under New York and Washington wage and hour laws) of the plaintiffs in *Charlot* were dismissed. *Charlot et al. v. Ecolab, Inc.* 2:12-cv-04543-KAM-VMS (March 29, 2017 E.D.N.Y).

36. Territory Representatives, including Plaintiffs, regularly worked more than 40 hours per workweek.

37. Pursuant to Ecolab's policy and pattern or practice, Ecolab classified Territory Representatives, including Plaintiffs, as exempt from overtime pay requirements and willfully failed to pay them a proper overtime premium for hours they worked for Ecolab's benefit in excess of 40 hours per workweek.

38. Ecolab failed to keep accurate records of the hours Territory Representatives, including Plaintiffs, worked.

39. All of the work that Territory Representatives, including Plaintiffs, have performed has been assigned by Ecolab and/or Ecolab has been aware of all of the work that they have performed.

40. As part of its regular business practice, Ecolab intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, but is not limited to:

PLAINTIFFS' COLLECTIVE
ACTION COMPLAINT - 5

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

     a. willfully failing to record all of the time that Territory Representatives, including Plaintiffs, have worked for the benefit of Ecolab;

     b. willfully failing to keep payroll records as required by the FLSA;

     c. willfully misclassifying the Territory Representatives, including Plaintiffs, as exempt from the requirements of the FLSA; and

     d. willfully failing to pay Territory Representatives, including Plaintiffs, overtime wages for hours that they worked in excess of 40 hours per week.

41. Upon information and belief, Ecolab's unlawful conduct described in this Complaint was pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA. Upon information and belief, Ecolab applied the same unlawful policies and practices to workers nationwide.

42. Upon information and belief, Ecolab was or should have been aware that federal and state laws required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

43. Ecolab's failure to pay Territory Representatives, including Plaintiffs, overtime wages for their work in excess of 40 hours per week was willful.

44. Ecolab's unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiffs bring FLSA claims, the First Cause of Action, on behalf of themselves and similarly situated persons who worked for Ecolab as Territory Representatives or Senior Territory Representatives, were classified as exempt employees, were not paid overtime for hours more than 40 that they worked in a week, and did not participate in Ecolab's August 2014 U.S. DOL settlement.

46. Ecolab is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and others similarly situated.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

# FIRST CAUSE OF ACTION

## Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

47. The above described actions constitute violations of the Fair Labor Standards Act, for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. §§ 201 et seq.

48. Ecolab engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

49. At all times relevant, Territory Representatives, including Plaintiffs, were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. The overtime wage provisions set forth in the FLSA apply to Ecolab and protect Territory Representatives, including Plaintiffs.

51. Ecolab was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. At all times relevant, Territory Representatives, including Plaintiffs, were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

53. Ecolab employed Territory Representatives, including Plaintiffs, as an employer.

54. Ecolab failed to pay Territory Representatives, including Plaintiffs, the overtime wages to which they are entitled under the FLSA.

55. Ecolab failed to keep accurate records of time worked by Territory Representatives, including Plaintiffs.

56. Ecolab's violations of the FLSA, as described in this Complaint, have been willful and intentional.

57. Ecolab did not make a good faith effort to comply with the FLSA with respect to its compensation of Territory Representatives, including Plaintiffs.

58. As a result of Ecolab's violations of the FLSA, Territory Representatives, including Plaintiffs, have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION

**Overtime wages due under Washington State Law,**

**Wash. Rev. Code Ann. tit. 49,** *et seq.*

59. The above-described actions constitute violations of the Washington Minimum Wage Act, RCW 49.46, RCW 49.48, for which Plaintiff Beard and Opt-In Plaintiffs who worked in Washington ("Washington Plaintiffs") are entitled to relief.

60. RCW 49.46.130 requires Ecolab to pay Territory Representatives one and one-half times the regular rate at which they are/were employed for all hours worked over forty (40) per work week.

61. RCW 49.46.090 makes employers who violate RCW 49.46.130, such as Ecolab, liable to the affected employees in the amount of unpaid wages, double damages, prejudgment interest, costs, attorneys' fees, and other appropriate relief under the law.

62. Ecolab's actions, policies, and/or practices as described above violate RCW 49.46.130 by regularly and repeatedly failing to compensate Washington Plaintiffs at the required overtime rate.

63. Ecolab's failure to pay proper wages for each hour worked (including compensable meal and break time) over 40 per week was willful and with intent to deprive Washington Plaintiffs of their wages, within the meaning of the Washington State law, and keep such unpaid wages as profits for itself.

64. As the direct and proximate result of Ecolab's unlawful conduct, Washington Plaintiffs have suffered a loss of income and other damages. Washington Plaintiffs are entitled to damages, including interest thereon, as well as attorneys' fees and costs, incurred in connection with this claim.

PLAINTIFFS' COLLECTIVE
ACTION COMPLAINT - 8

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

## SECOND CAUSE OF ACTION

**Overtime wages due under the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142**

65. The above-described actions constitute violations of the New York Labor Law, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, for which Plaintiff Alexis Lopez and Opt-In Plaintiffs who worked in New York ("New York Plaintiffs") are entitled to relief.

66. Ecolab has engaged in a widespread pattern, policy, and practice of violating New York Labor Law Articles 6 and 19 and their implementing regulations, as detailed in this Complaint.

67. New York Labor Law requires employers, such as Ecolab, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per week.

68. New York Plaintiffs were non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

69. Throughout their employment, New York Plaintiffs worked in excess of 40 hours in a workweek.

70. Ecolab misclassified the New York Plaintiffs as exempt from overtime pay entitlement and failed to pay them overtime premium pay for their overtime hours worked.

71. As a direct and proximate result of Ecolab's unlawful conduct, as set forth herein, the New York Plaintiffs have sustained damages, including loss of earnings for hours of overtime worked on behalf of Ecolab in an amount to be established at trial, liquidated damages, reasonable attorneys' fees and costs of the action, and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

A. Unpaid wages;

B. An award of damages, appropriate statutory penalties, and restitution to be paid by Ecolab;

C. Pre-Judgment and Post-Judgment interest, as provided by law;

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

| | |
|---|---|
| 1 | D. Tolling Plaintiffs' FLSA claims as of the filing of their original consents; |
| 2 | E. Such other injunctive and equitable relief as the Court may deem just and proper; and |
| 3 | F. Attorneys' fees and costs, including expert fees. |
| 4 | Dated this 27th day of April, 2017. |

Respectfully submitted,

/s/ Michael C. Subit
**FRANK FREED SUBIT & THOMAS**
Michael C. Subit
Washington State Bar Association #29189
Suite 1200
Hoge Building
705 Second Avenue
Seattle, WA 98104-1729
Telephone: (206) 682-6711
Facsimile: (206) 682-0401
msubit@frankfreed.com

**GETMAN, SWEENEY & DUNN, PLLC**
Michael J.D. Sweeney
(pro hac vice application to be submitted)
9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370
Facsimile: (845) 255-8749
msweeney@getmansweeney.com

**Attorneys for Plaintiffs**

PLAINTIFFS' COLLECTIVE
ACTION COMPLAINT - 10

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

# CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with the Ecolab, Inc. and/or any other associated parties.

I authorize Getman Sweeney & Dunn, PLLC, and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Signature: _____  Dated: 4/20/17

Name (printed) exactly as it appears on company pay statements: Earl Beard

Address: Redacted

Phone Number: Redacted   Email: Redacted

To be considered for representation, send the completed form to Getman Sweeney & Dunn, PLLC, 9 Paradies Lane, New Paltz, NY 12561, or send it by fax to (845) 255-8649, or e-mail it to jsherwood@getmansweeney.com. This Consent to Sue is not valid and effective until you have received a receipt from Plaintiffs' Counsel indicating that it has been filed. If you have not received a receipt within 3 weeks from your transmission of the form to us, you <u>must</u> contact us by phone at (845) 255-9370.

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with the Ecolab, Inc. and/or any other associated parties.

I authorize Getman Sweeney & Dunn, PLLC, and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Signature: [signed] Dated: 04-20-17

Name (printed) exactly as it appears on company pay statements: Alexis Lopez

Address: Redacted

Phone Number: Redacted   Email: Redacted

To be considered for representation, send the completed form to Getman Sweeney & Dunn, PLLC, 9 Paradies Lane, New Paltz, NY 12561, or send it by fax to (845) 255-8649, or e-mail it to jsherwood@getmansweeney.com. This Consent to Sue is not valid and effective until you have received a receipt from Plaintiffs' Counsel indicating that it has been filed. If you have not received a receipt within 3 weeks from your transmission of the form to us, you must contact us by phone at (845) 255-9370.